Becker, C. J.,
with whom Hardesty, J., agrees,
concurring in part and dissenting in part:
I concur in the majority opinion with one exception, the district court did not err in refusing to instruct the jury on the consequences of a verdict of not guilty by reason of insanity for the simple reason that Blake presented no evidence that he was legally insane under the M’Naghten standard and Finger v. State.[1]
Dr. Mortillaro testified that Blake suffered from a compromised mental state and he had difficulty determining right from wrong. Neither satisfies the legal definition of insanity under Finger. As noted in Finger, Nevada has applied the strictest definition of insanity for over one hundred years.[2] This standard permits a finding of legal insanity only if at the time of the killing, a delusional state: (1) rendered the defendant incapable of knowing or understanding the nature of his act, i.e., that he was killing a human *802 being, or (2) prevented the defendant from appreciating the wrongfulness of his act, i.e., that the killing was not justified under the law.[3]
Nothing in the record supports that Blake thought he was killing something other than a human being. The record also does not contain evidence to support that Blake, in a delusional state, thought the killings were justifiable homicide and that the facts of his delusion, if true, would support such a mistaken belief.
Because I conclude no evidence supported submitting an insanity defense to the jury, I find no error in failing to instruct the jury on the consequences of an insanity acquittal.

 117 Nev. 548, 27 P.3d 66 (2001).

Id. at 562, 27 P.3d at 75-76.

Id. at 556-57, 27 P.3d at 72.